IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Travis P. Dunson | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. _____ |
| v. | ) | |
| | ) | |
| Time Warner Co., | ) | |
| Warner Bros. Entertainment, Inc., | ) | JURY TRIAL DEMANDED |
| Warner Bros. Pictures, | ) | |
| Atlas Entertainment, Inc., | ) | |
| Doug Frank, Brad Copeland, and | ) | |
| Lloyd J. Schwartz | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff,

Travis P. Dunson, who files this Complaint against Time Warner Co., Warner

Bros. Entertainment, Inc., Warner Bros. Pictures, Atlas Entertainment, Inc.,

Doug Frank, Brad Copeland, and Lloyd J. Schwartz, alleging as follows:

1.      This is an action at law for copyright infringement brought under

the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*., seeking money damages

pursuant to 17 U.S.C. § 504, temporary and permanent injunction pursuant

to 17 U.S.C. § 502, attorneys' fees pursuant to 17 U.S.C. § 505, as well as

damages for breach of implied contract, conversion, unjust enrichment and *quantum meruit* under the law of the State of Georgia.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1338 because this suit arises under the 1976 federal Copyright Act and, therefore, presents questions of federal law to be resolved.

3.     This Court has personal jurisdiction over the Defendants because, upon information and belief, each has violated Plaintiff's copyright interests and participated in the distribution and/or copying of Plaintiff's copyright-protected work, including infringing acts within the State of Georgia, and each has established deliberate contacts with this state sufficient to permit and justify the exercise personal jurisdiction over each.

4.     The Northern District of Georgia is a proper venue for the adjudication of this dispute pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5.     Plaintiff Dunson ("Dunson") is an individual beyond the age of majority, domiciled and residing in the State of Georgia.

6.     Upon information and belief, Defendant Time Warner Co. ("Time Warner") is a corporate entity organized under the laws of the State of

2

California, and the parent company of Defendants Warner Bros. Entertainment, Inc. and Warner Bros. Pictures, maintaining its principal place of business in Los Angeles, California, and is engaged in the creation and distribution of theatrical films throughout the United States, including within the State of Georgia, and internationally.

7.      Upon information and belief, Defendant Warner Bros. Entertainment, Inc. ("Warner Bros.") is a corporate entity organized under the laws of the State of California, maintaining its principal place of business in Los Angeles, California, that is engaged in the creation and distribution of theatrical films throughout the United States, including within the State of Georgia, and internationally.

8.      Upon information and belief, Defendant Warner Bros. Pictures is a corporate entity organized under the laws of the State of California, maintaining its principal place of business in Los Angeles, California, that is engaged in the creation and distribution of theatrical films throughout the United States, including within the State of Georgia, and internationally.

9.      Upon information and belief, Defendant Atlas Entertainment, Inc. ("Atlas") is a corporate organization organized under the laws of the State of California, engaged in the creation and distribution of theatrical

films in the United States, including Georgia, and internationally,

maintaining its principal office at 9200 West Sunset Boulevard, No. 10, Los

Angeles, California, 90069, where it may be served with process.

10.     Upon information and belief, Doug Frank ("Frank") is an

individual beyond the age of majority, having full capacity to be sued herein,

who, at all times relevant herein, was the Senior Vice President of Music for

Warner Bros. Pictures or a related entity within the Time Warner Co. family

of companies, and is domiciled in the State of California.

11.     Upon information and belief, Brad Copeland ("Copeland") is an

individual beyond the age of majority, having full capacity to be sued herein,

who, at all times relevant herein, was engaged in the film industry as a

screenwriter and producer working for or in conjunction with Defendant

Atlas, and is domiciled in the State of California.

12.     Upon information and belief, Lloyd J. Schwartz ("Schwartz") is

an individual beyond the age of majority, having full capacity to be sued

herein, who, at all times relevant herein, was engaged in the film industry as

screenwriter and/or producer, and is domiciled in the State of California.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13.     In or a1999, Plaintiff Dunson wrote and created an original

adaptation of the popular 1960's television show, Gilligan's Island, entitled "Gilligan's Island: 7 Stranded Castaways from the Hood" (hereinafter the "Work" or "Screenplay").

14. The Work was an original work of authorship qualifying for and entitled to full protection under the U.S. Copyright Act, 17 U.S.C. § 101 *et seq*., and was registered with the U.S. Copyright Office under the title "Travis Dunson's Gilligan's Island," with the effective date of March 18, 2004, Certificate No.PAu2-846-399.

15. Since the date of the Screenplay's creation in 1999, Plaintiff has remained the sole proprietor of all right, title, and interest in and to the copyright.

16. Also on March 18, 2004, Plaintiff Dunson registered the Screenplay with the Writers Guild of America, Registration Number R15376.

17. In advancement of Plaintiff's efforts to exploit his Work and license or assign it to a film production house for development into a feature-length film, in or about January of 2008, Dunson entered into an agreement with Antonio Randolph and Markus Williams, who agreed to exercise their best efforts to "shop" the film on Dunson's behalf, using their contacts and relationships in Los Angeles.

18.     Soon thereafter, in 2008, the script is placed into the hands of Defendant Frank, who was an executive employed by and an agent of Warner Bros. Pictures one or more of the Warner Bros. entities, holding the title Senior Vice President of Music, for his consideration as a potential future film project to be adopted and developed by Warner Bros. Pictures or another of the Warner Bros. entities.

19.     In or about April of 2008, Frank reported to Markus Williams, Dunson's agent, that he had read the script and "loved it."

20.     Several months passed without Plaintiff receiving any further update as to the status of Frank's or Warner Bros.' review of the Screenplay.

21.     Upon contacting Frank directly, during which conversation Frank admitted to liking the concept, Plaintiff was subsequently informed by his agents, Markus Williams and Antonio Randolph, that "the deal is off," in an angry response to Plaintiff having contacted Frank directly.

22.     In or about March or April of 2010, Plaintiff was informed by a contact in Los Angeles that the Schwartz family, owners of rights to the original Gilligan's Island franchise, are working on a remake of the classic television series;  however, Dunson is informed of no details regarding the project and no details are available publicly.

6

23.   In the fall of 2011, Plaintiff was informed by a personal friend familiar with Plaintiff's Screenplay that the Warner Bros. website included a detailed synopsis of a Gilligan's Island film adaption that had been produced and was to be released sometime in the summer of 2012.

24.   Plaintiff immediately reviewed the content of the Warner Bros. website and determined that the film that had been produced was substantially similar, if not identical, to his copyright-protected Screenplay with regard to aspects of the expression that are protectable by copyright.

25.   Thereafter, Plaintiff conducted additional internet research that, consistent with the information provided on the Warner Bros. website, indicated that the infringing work had been created by Warner Bros. Pictures, working in conjunction with Atlas Entertainment, Inc. as production company, directed by Defendant Copeland and allegedly written by Defendant Schwartz.

26.   In or about January of 2013, Plaintiff Dunson contacted and spoke with an attorney representing Warner Bros. Pictures or one of the affiliated Warner Bros. entities who, at the outset of the conversation, denied that a Gilligan's Island remake had been produced but then, after being confronted with detailed facts conveyed by Plaintiff, admitted that such a

film project had indeed been completed in 2010.

27.    To date, despite Plaintiff's efforts to engage the Defendants in a conversation related to the infringing film project and his desire to be compensated for the unauthorized use of any of this copyright-protected work, Plaintiff has remained uncompensated, despite his entitlement to damages and artistic credit.

## FIRST CLAIM FOR RELIEF

## (Copyright Infringement Under 17 U.S.C. §501)

28.    Plaintiff restates and incorporates by reference all of the allegations contained in Paragraphs 1 through 27 as if fully set forth verbatim herein.

29.    Plaintiff's Screenplay is an original work of authorship, and Plaintiff is the sole and exclusive owner of all right, title and interest in and to the copyright in the work, as evidenced by his copyright Certificate of Registration.

30.    Each of the Defendants has acted directly, and in cooperation with the other Defendants, in the unauthorized copying and appropriation of the constituent elements of Plaintiff's original work.

31.    Each of the Defendants had direct access to the Work, and, upon

8

information and belief, the film that the Defendants have produced is substantially similar to Plaintiff's Work in aspects fully protected by copyright, including but not limited to plot, characterizations, mood, pace and settings.

32.   Without authorization and in blatant violation of Plaintiff's exclusive rights as author of the Work under the Copyright Act of, 17 U.S.C. § 501, Defendants, acting individually and/or jointly, copied, distributed and otherwise infringed upon Plaintiffs' interests in the work, creating a substantially similar work.

33.   As a result of Defendants' acts of infringement alleged herein and in accordance with Section 504(b) of the Copyright Act, 17 U.S.C. § 504(b), Plaintiff is entitled to recover from Defendants, jointly and severally, the damages he has suffered as a result of the Defendants' infringement of the Work.

34.   In accordance with 17 U.S.C. § 504, with regard to the Work, Plaintiff is entitled to elect actual damages or statutory damages set by the Court and hereby explicitly reserves the right to make such election at any time prior to final judgment.

## SECOND CLAIM FOR RELIEF

## (Preliminary and Permanent Injunction)

35.     Plaintiff restates and incorporates by reference all of the allegations contained in Paragraphs 1 through 34 as if fully set forth verbatim herein.

36.     The damages and injuries Plaintiff alleges herein under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, constitute damages and injuries which are irreparable, ongoing and for which there is no adequate remedy at law.

37.     The Defendants' violation of Plaintiff's copyright interests in the work at issue and the injuries and damages resulting therefrom will continue if the Defendants are not preliminarily and permanently enjoined from further infringing Plaintiffs' copyright interests.

38.     Therefore, Plaintiff is entitled to a preliminary and permanent injunction pursuant to 17 U.S.C. § 502, prohibiting the Defendants from any future unauthorized exploitation of Plaintiff's work.

## THIRD CLAIM FOR RELIEF

## (Breach of Implied Contract)

39.     Plaintiff restates and incorporates by reference all of the

allegations contained in Paragraphs 1 through 38 as if fully set forth verbatim herein.

40.     In using the Plaintiff's Work, Defendants effectively accepted the offer to license or purchase the Screenplay from Plaintiff, and Defendants knew or should have known that Plaintiff would expect reasonable and adequate compensation for the benefit conveyed to Defendants, despite the lack of a formal agreement permitting such use.

41.     Defendants were conveyed a real and valuable benefit in gaining access to the Work, which they did exploit to their sole and exclusive benefit, to the exclusion of Plaintiff and his rights.

42.     Plaintiff has been harmed by the Defendants' breaching conduct, for which the Defendants are jointly and severally liable, and Plaintiff is entitled to an award of money damages as compensation for such harms in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### (Conversion)

43.     Plaintiff restates and incorporates by reference all of the allegations contained in Paragraphs 1 through 42 as if fully set forth verbatim herein.

44.    By taking Plaintiff's copyright-protected Work and exploiting it without his permission and for their own economic advantage, the Defendants have wrongfully exercised dominion and control over Plaintiff's personal property, to his exclusion, inconsistent with his property rights.

45.    Defendants' conduct in this regard constitutes the conversion of the Plaintiff's Work and Plaintiff is entitled to receive appropriate damages as a result of the Defendants' tortious conduct, for which the Defendants are jointly and severally liable.

## FIFTH CLAIM FOR RELIEF

## (Attorneys' Fees Under Copyright Act of 1976, 17 U.S.C. § 505)

46.    Plaintiff restates and incorporates by reference all of the allegations contained in Paragraphs 1 through 45 as if fully set forth verbatim herein.

47.    Plaintiff specifically alleges an entitlement to an award of costs and attorneys' fees associated with the defense of his rights in this action, pursuant to the Copyright Act of 1976, 17 U.S.C. § 505 and any other applicable provision therein.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

48.     Plaintiff restates and incorporates by reference all of the allegations contained in Paragraphs 1 through 47 as if fully set forth verbatim herein.

49.     The conveyance of the Work from Plaintiff's agents to Defendants bestowed upon Defendants a real and tangible value, for which Defendants reasonably and customarily provide compensation to screenwriters such as Plaintiff in their industry.

50.     Plaintiff is entitled to compensation for Defendants' unauthorized use and exploitation of Plaintiff's Work, as Defendants willfully received a valuable service or thing for which they should have reasonably expected to owe compensation to the Plaintiff.

51.     Defendants are, therefore, jointly and severally liable unto the Plaintiffs for unjust enrichment in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

### (*Quantum Meruit*)

52.     Plaintiff restates and incorporates by reference all of the allegations contained in Paragraphs 1 through 51 as if fully set forth

verbatim herein.

53.     The unauthorized use of the Work conveyed to Defendants bestowed upon Defendants a real and tangible value.

54.     Plaintiff is entitled to compensation for Defendants' unauthorized use and exploitation of Plaintiff's work, as Defendants willfully received a valuable service or thing for which they should have reasonably expected to owe compensation to Plaintiff.

55.     Defendants are, therefore, jointly and severally liable unto the Plaintiff for *quantum meruit,* in the sum of the value of the benefit conveyed, as determined at trial.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully demands a trial by jury of all issues and claims so triable in this civil action.

WHEREFORE, Plaintiff prays:

1.     That Plaintiff be awarded damages on all claims asserted herein in an amount adequate to compensate him for the injuries and violations of his rights sustained by reason of Defendants' conduct as alleged herein, and that Defendants be held jointly and severally liable unto Plaintiff for such damages;

2.     That Plaintiff be awarded damages for infringement under the Copyright Act of 1976, 17 U.S.C. § 504 *et seq,* together with any profits obtained by Defendants as a result of or attributable to their willful copyright infringement of Plaintiff's Screenplay or, alternatively, the value of the benefit of such infringement to the Defendants;

3.     That Plaintiff be awarded reasonable attorneys' fees pursuant to the Copyright Act of 1976, 17 U.S.C. § 505;

4.     That Plaintiff be awarded interest, including prejudgment interest, on the foregoing sums; and

5.     That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

DATED:    24 August 2014

Respectfully submitted,

/s/ Eric L. Register
_____
Eric L. Register
Georgia Bar No. 599199
eregister@registerlett.com

Register | Lett LLP
1800 Peachtree Street, NW
Suite 809
Atlanta, Georgia 30309
Phone:  404-352-9019

15

Attorneys for Plaintiff,
Travis P. Dunson